IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALERIE SMITH,

   Plaintiff,       :  Case No. 3:15-cv-384

v.             :  JUDGE WALTER H. RICE

NANCY A. BERRYHILL,    :  MAGISTRATE JUDGE
              SHARON L. OVINGTON
Acting Commissioner of the
Social Security Administration,  :

              :

   Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #15); OBJECTIONS OF PLAINTIFF VALERIE SMITH TO SAID JUDICIAL FILING (DOC. #16) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Valerie Smith ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 1, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #15, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report

and Recommendations, Doc. #15, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations in their entirety and OVERRULES Plaintiff's Objections, Doc. #16, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  Contrary to Plaintiff's assertion, the Administrative Law Judge ("ALJ") did not "make his own independent medical findings by substituting his lay interpretation of the medical evidence for that of the treating sources" when he decided to assign them little weight. Doc. #16, PAGEID #681. Rather, he evaluated the opinions of Drs. Kwasi Nenonene and Royka Tasnin against both their own treatment notes and the opinions of the examining and reviewing physicians and psychologists. From that evaluation, he concluded that Drs. Nenonene and Tasnin's opined limitations were not supported by the treatment notes or evidence of record from other sources. Doc. #7, PAGEID #88-90. Lack of supportability and inconsistency with other medical sources are valid reasons to discount treating source opinions, 20 C.F.R. § 404.1527(c)(3-4), and the Court will not disturb those findings.

2.  Plaintiff argues that the ALJ did not provide sufficient scrutiny to the non-treating source opinions, and thus, his decision to assign them great weight was made in violation of the Commissioner's rules, which, in turn, meant his finding of non-disability was not supported by substantial evidence. Doc. #16, PAGEID #682-83 (citing Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996); *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). Plaintiff's argument is belied by the ALJ's opinion, which discussed in detail the opinions of the examining and record-reviewing physicians and psychologists, and the consistency of their opinions with other medical evidence of record.

Doc. #7, PAGEID #87-90.   As discussed above, consistency with other sources is a valid reason for assigning weight greater weight to a non-treating source.   20 C.F.R. § 404.1527(c)(4).   Accordingly, the ALJ's decisions as to the relative weight to give the non-treating sources were supported by substantial evidence and must be affirmed.

       3.    As the Magistrate Judge correctly observed, the current ALJ's decision not to maintain a ten-pound lifting restriction opined by an ALJ as part of a previous disability application, Doc. #7, PAGEID #132, was supported by substantial evidence and consistent with Sixth Circuit precedent.   Doc. #15, PAGEID #668 (*Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). The lifting restriction was put in place to avoid recurrence of then-dormant carpal tunnel syndrome, Doc. #7, PAGEID #130, 132, 133, and a previous RFC determination has issue-preclusive effect for subsequent applications, unless new evidence is submitted.   *Drummond*, 126 F.3d at 842. However, despite finding Plaintiff's history of carpel tunnel syndrome to be a severe impairment, Doc. #7, PAGEID #80, the ALJ noted that "[t]he newly submitted evidence shows no significant findings related to carpal tunnel syndrome, and the claimant has not complained of or sought treatment for this condition."  *Id.*, PAGEID #87.   The ALJ reasonably concluded from the absence of any findings or treatment that her carpal tunnel had not recurred, and that the specific ten-pound limit was no longer necessary to prevent any recurrence.   *Id.*   The ALJ's conclusion was reasonable and well-supported, and adhered to the issue preclusion requirements set forth in *Drummond*.   Accordingly, the removal of the restriction was not legal error and is not grounds for reversal.

4. The ALJ provided specific reasoning for discounting Plaintiff's credibility—specifically, Plaintiff's inconsistent statements to Dr. Jerry Flexman, the Commissioner's examining psychologist, regarding her history with alcohol dependency. Moreover, the ALJ noted a history of "inconsistent statements made by the claimant to sources regarding her history of psychiatric hospitalization, legal history, and cocaine and alcohol use." Doc. #7, PAGEID #86 (citations omitted). Further, the ALJ accounted for Plaintiff's statement on June 12, 2013—after the alleged disability onset date—that she was actively looking for work, "which presents the question of why she was looking for a job when she has stated . . . that she is physically and mentally unable to perform work activity." *Id.* "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), and "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* Accordingly, the ALJ's decision to find Plaintiff's testimony not fully credible was well-supported and will be affirmed.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #15, in their entirety, affirming the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act. Plaintiff's Objections to said judicial filing, Doc. #16, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 8, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT